# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ERIC W. ANDERSON,

        Plaintiff,

v.                                   Case No:   6:22-cv-826-LHP

STATE OF FLORIDA,

        Defendant

_____

## ORDER

    This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION (Doc. No. 10)** |
| **FILED:** | **June 21, 2022** |

**THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR CLERKS DEFAULT (Doc. No. 11)** |
| **FILED:** | **June 21, 2022** |

THEREON it is **ORDERED** that the motion is **DENIED**.

---

MOTION:   **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 23)**

FILED:   **August 29, 2022**

THEREON it is **ORDERED** that the motion is **DENIED without prejudice**.

---

MOTION:   **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT-REDUX   (Doc. No. 28)**

FILED:   **September 19, 2022**

THEREON it is **ORDERED** that the motion is **DENIED without prejudice**.

---

MOTION:   **PLAINTIFF'S MOTION TO REMOVE DEMAND FOR JURY TRIAL AND TO REMOVE PURSUIT OF MONETARY DAMAGES (Doc. No. 30)**

FILED:   **October 4, 2022**

THEREON it is **ORDERED** that the motion is **GRANTED**.

---

MOTION:   **DEFENDANT'S MOTION TO DISMISS (Doc. No. 24)**

FILED:   **August 31, 2022**

> **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

## I.   INTRODUCTION

On May 2, 2022, Plaintiff Eric Anderson, proceeding *pro se*, filed a complaint against Defendant the State of Florida.   Doc. No. 1.   The entirety of the allegations of the complaint are as follows:

> The US Constitution guarantees rights to life, liberty, property, and belief.   Ritual/Routine infant circumcision is Aggravated Child Abuse (FS 827.03), contrary to those rights.   The knowledge that it is Aggravated Child Abuse is demonstrated in FS 794.08.
>
> The US Constitution requires equal enforcement of the law which further demonstrates the illegality of infant male circumcision in this state (Florida), and the foreknowledge and default status of the state of Florida in its failure to provision law enforcement services to the newborn citizens of this state (i.e. the state is standing guard-under the color of law-for violence against newborn Florida citizens).
>
> This is happening to me in the state of Florida and it was and is illegal (as with women, one must not torture and rob a nascent man 'because he cannot say no').   It began in June of 1958 and catalyzed extreme difficulty (re CDC ACES) and it is still happening (witness this complaint. It is written by the self-same three day old infant).   New parents are defrauded.   The child may experience illnesses in its life but at birth those illnesses (save for birth defects) are remote in time, rare in life, and actionable when and if they occur. But the child's rights obtain at birth.   The nexus of failure is found at non-application of our most foundational laws (e.g. FS 874.02). Every child who does not die from this 'procedure' is maimed. The state must be compelled to remedy its default status (Depraved Indifference).

Doc. No. 1.

Plaintiff paid the filing fee, and a summons was issued to Defendant on May 16, 2022.   Doc. No. 5.   On May 31, 2022, Plaintiff submitted a return of service, which states that on May 20, 2022, service was effectuated upon Defendant by delivering a copy of the complaint and process "to Lisa Snowden AS SECRETARY OF THE WITHIN NAMED TO WIT:   STATE OF FLORIDA C/O RJ LARIZZA." Doc. No. 8.   To date, Defendant has not challenged the method of service, has not moved to quash service, and did not respond to the complaint within the time period afforded by Federal Rule of Civil Procedure 12.   To the contrary, it appears that Defendant concedes service was proper.   *See* Doc. No. 16, at 1 ("The Complaint in this action was served on the State Attorney for the 7th Judicial Circuit. . . .); *see also* Fed. R. Civ. P. 4(j)(2); Fla. Stat. § 48.121.   Accordingly, Plaintiff moved for entry of Clerk's Default, to which Defendant has never responded.   Doc. No. 11.   That motion remains pending and will be further addressed below.

In the meantime, Plaintiff has filed 4 amendments to his complaint – none of for which he obtained either leave of Court or written consent from Defendant. Doc. Nos. 12-15.   *See* Fed. R. Civ. P. 15(a)(1)(A)-(B), 15(a)(2).   The first two amendments are identical and add a claim for $1 billion in monetary damages. Doc. Nos. 12-13.   The third amendment adds a demand for trial by jury.   Doc. No. 14.   And the fourth and final amendment seeks to add a claim under 18 U.S.C. § 249 for hate crimes based on a purported offense involving gender that willfully

- 4 -

causes bodily injury to any person, and a claim under 18 U.S.C. § 242.   Doc. No. 15.

These amendments will also be further addressed below.

Plaintiff has also filed a host of other motions:   (1) a motion for Permanent

Injunction (Doc. No. 10); (2) a motion for summary judgment (Doc. No, 23); (3) a

second identical motion for summary judgment (Doc. No. 28); and (4) a motion to

remove his demand for jury trial and claim for monetary relief (Doc. No. 30).   As

of the date of this Order, Defendant has only filed a response to the first motion for

summary judgment.   Doc. No. 27.   However, Defendant has also moved to

dismiss Plaintiff's case in its entirety for several reasons, including lack of standing,

Eleventh Amendment immunity, expiration of any statute of limitations, and failure

to state a claim.   Doc. No. 24.   Plaintiff has filed a response in opposition to the

motion to dismiss.   Doc. No. 26.

On October 5, 2022, the parties filed their joint Case Management Report, in

which they consented to my jurisdiction.   Doc. No. 32, at 3; *see also* 28 U.S.C. §

636(c).   On October 6, 2022, this case was assigned to me for all further proceedings,

including any trials and entry of judgment.   Doc. Nos. 33-34.   The above-listed

motions are all ripe for consideration, and are addressed below.

## II.   PLAINTIFF'S MOTION FOR CLERK'S DEFAULT

As noted above, Plaintiff properly served Defendant on May 20, 2022, yet

Defendant did not appear in this case until July 18, 2022, when it requested

additional time to respond to the complaint, which it ultimately did by filing its motion to dismiss on August 31, 2022.   Doc. Nos. 8, 11, 16, 24.   Thus, on its face it would appear that clerk's default would be appropriate.   *See* Fed. R. Civ. P. 55(a).

However, this is not the end of the analysis.   Defendant moved for an extension of time to respond, Doc. No. 16, which the Court granted, Doc. No. 17, and Defendant's motion to dismiss was filed within the extended time period. Doc. No. 24.   And while Defendant has never addressed its failure to timely respond (or its failure to ask for an extension of time prior to July 18, 2022), the Court does not believe this failure warrants the entry of default.   Defendant has now responded to the complaint, and since that time the parties have filed their joint case management report, evidencing a clear intent by all sides to litigate this case.   Doc. Nos. 24, 32.   Moreover, Plaintiff did not completely object to Defendant's request for an extension of time, but instead attempted to embed a request for temporary injunctive relief in his response.   Doc. No. 19.   In addition, I note that Plaintiff's motion for clerk's default itself is due to be denied for failure to include a memorandum of law as required by Local Rule 3.01(a).   *See also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that *pro se* litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure").

In sum, the motion fails to comply with Local Rule 3.01(a), Defendant has already responded to the complaint within the time afforded by the Court, and the Court notes the strong policy in this Circuit favoring resolution of cases on the merits and viewing defaults with disfavor.   *See In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003).   *See also Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) ("We note that defaults are seen with disfavor because of the strong policy of determining cases on their merits." (citing *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1510 (11th Cir. 1984))). "[W]hen doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party."   *Kilbride v. Vrondran*, No. 07-0389-WS-M, 2007 WL 2775185, at *2 (S.D. Ala. Sept. 21, 2007) (citation omitted).   For these reasons, Plaintiff's motion for Clerk's default (Doc. No. 11) is **DENIED.**

## III.   PLAINTIFF'S MOTION FOR PERMANENT INJUNCTIVE RELIEF

In a two-sentence motion, Plaintiff requests permanent injunctive relief. Doc. No. 10.   The motion is **DENIED WITHOUT PREJUDICE** for failure to comply with the requirements of Local Rule 3.01(a), as there is no memorandum of law in support.   In addition, to be entitled to a permanent injunction, Plaintiff must establish "(1) that [the plaintiff] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and

defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). An "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to all four elements." *Horton v. City of Augustine*, 272 F.3d 1318, 1326 (11th Cir. 2001). Plaintiff's two sentence motion, which vaguely asks that Defendant "cease & desist the withholding of law enforcement services from newborn Citizens of the State of Florida," Doc. No. 10, does not come close to satisfying these standards. *See also Newman v. State of Ala.*, 683 F.2d 1312, 1319 (11th Cir. 1982) ("[T]he court may grant injunctive relief, but the relief must be no broader than necessary to remedy the constitutional violation.").

## IV. PLAINTIFF'S AMENDMENTS TO HIS COMPLAINT AND MOTION TO REMOVE DEMAND FOR JURY TRIAL AND TO REMOVE PURSUIT OF MONETARY DAMAGES

The Court next addresses Plaintiff's four attempts to amend his complaint. Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend a pleading once as a matter of course within 21 days after service, or 21 days after service of a motion under 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1)(A)-(B). In all other cases, a party must obtain either the opposing party's consent or leave of Court. Fed. R. Civ. P. 15(a)(2). According to the docket, Plaintiff has attempted to amend his complaint on four separate occasions. Doc. Nos. 12-15. And it is

undisputed that Plaintiff did not comply with any of the requirements of Rule 15(a)

– to wit, Plaintiff never sought leave of Court, and there is nothing on the docket

demonstrating that Defendant gave written consent for any of the amendments.

As such, the first amendment – Doc. No. 12 – will stand, and the following three

amendments – Doc. Nos. 13-15 – are hereby **STRICKEN** for violating Rule 15(a).

*See, e.g., Rivas v. Small*, No. 17-80750-CIV-MARRA, 2017 WL 6551159, at *1 (S.D. Fla.

Nov. 3, 2017) (striking *pro se* plaintiff's complaints that did not comply with Fed. R.

Civ. P. 15(a)(1) or (2)).[1]

------

[1] The Court notes that leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(3).   However, Plaintiff has never requested such leave, and even if he had, the amendment to add a jury demand (Doc. No. 14), would be moot by virtue of his later-filed motion (Doc. No. 30), and his amendment to add claims under 18 U.S.C. §§ 242 and 249 would be unsuccessful as neither statute provides for a private cause of action.   *See Zinnia Chen v. Lester*, 364 F. App'x 531, 536 (11th Cir. 2010) (affirming the dismissal of claims pursuant to 18 U.S.C. §§ 4, 241-242, and 2382-2383 because "[c]riminal statutes generally do not provide a private cause of action"); *Cohen v. Carmel*, No. 10-22244–CIV, 2010 WL 2991558, at *1 (S.D. Fla. July 27, 2010) ("Title 18, Sections 241 and 242 of the United States Code, are criminal statutes and do not give rise to a private cause of action."); *Smith v. Subway Inc.*, No. 2:19-CV-592-RAH-SMD, 2020 WL 5870421, at *2 (M.D. Ala. Aug. 28, 2020), *report and recommendation adopted*, No. 2:19-CV-592-RAH, 2020 WL 5848672 (M.D. Ala. Oct. 1, 2020), *appeal dismissed*, No. 20-13942-AA, 2021 WL 1609818 (11th Cir. Mar. 19, 2021) ("Plaintiff names three specific federal statutes that afford him relief: the Civil Rights Act of 1964, the Shepard-Byrd Act (18 U.S.C. § 249), and 18 U.S.C. § 242. The Shepard-Byrd Act is a nonstarter because the Shepard-Byrd Act is a federal criminal statute that does not provide a private right of action.") (citing *Godfrey v. Ross*, 2011 WL 6012607, at *5 (E.D. Cal. 2011)); *Nazer v. City of St. Petersburg*, No. 8:16-cv-02259-CEH-JSS, 2017 WL 3877631, at *5 (M.D. Fla. Sept. 5, 2017) (holding that 18 U.S.C. § 249 does not provide a private cause of action).

With respect to the amendment that is permitted to stand, Plaintiff requests to add a monetary demand of $ 1 billion.   Doc. No. 12.   On October 4, 2022, however, Plaintiff filed a motion seeking to strike his monetary demand.   Doc. No. 30.   Defendant has not responded to the motion, and the time to do so has expired. Despite the absence of a memorandum of law and a certificate of conferral – *see* Local Rules 3.01(a) and 3.01(g) – the Court finds that the interests of judicial efficiency will be served by granting the motion.[2]   Accordingly, the motion to strike (Doc. No. 30) is **GRANTED**, and Plaintiff's monetary demand is **STRICKEN**.

Given the striking of Plaintiff's other amendments, this leaves Plaintiff's complaint as it was originally filed on May 2, 2022.   Doc. No. 1.

## V.    PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT

Plaintiff's identical motions for summary judgment, Doc. Nos. 23, 28, are **DENIED without prejudice** for failing to comply with Local Rule 3.01(a), and for failure to comply with the standards set forth in Federal Rule of Civil Procedure 56(a) and (c).

---

[2] The Court reminds Plaintiff that regardless of his *pro se* status, he is required to comply with all applicable Federal Rules of Civil Procedure, Local Rules of the Middle District of Florida, and all Court Orders.   Any further filings that fail to comply will be summarily stricken and/or denied.

## VI.   DEFENDANT'S MOTION TO DISMISS

This brings the Court to the final motion to consider – Defendant's motion to dismiss – to which Plaintiff has filed a response in opposition.   Doc. Nos. 24, 26. Defendant seeks dismissal based on:   (1) Plaintiff's alleged lack of standing; (2) Eleventh Amendment Immunity; (3) expiration of any applicable statute of limitations; and (4) failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).   Doc. No. 24.   Upon consideration, the Court finds that Plaintiff's case is due to dismissed because Defendant is entitled to Eleventh Amendment Immunity, but the Court first addresses the threshold (and intertwined) issue of standing.

### A.   Standing

"Article III standing is a threshold inquiry."   *Allstate Ins. Co. v. Auto Glass America, LLC*, 418 F. Supp. 3d 1009, 1016 (M.D. Fla. 2019).   "A plaintiff's standing to bring and maintain [a] lawsuit is a fundamental component of a federal court's subject matter jurisdiction."   *Baez v. LTD Fin. Servs., L.P.*, No. 6:15-cv-1043-Orl-40TBS, 2016 WL 3189133, at *2 (M.D. Fla. June 8, 2016) (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 407 (2013)).   The doctrine of standing "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong."   *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).   "To establish standing, a plaintiff must allege:   (1) injury-in-fact; (2) a causal connection between the injury and the conduct complained of; and (3) that it is likely the injury will be redressed

by a favorable ruling." *Disability Rights Florida, Inc. v. Jacbos*, 476 F. Supp. 3d 1238, 1242 (M.D. Fla. 2019) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

"Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (quoting *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n.42 (11th Cir. 1991)).  A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either a facial or factual attack.  *Id.* (citing *McElmurray v. Consol. Gov't of Augusta–Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007)).  "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *McElmurray*, 501 F.3d at 1251 (quotation, citation, and alterations omitted).  On the other hand, "a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony." *Stalley*, 524 F.3d at 1233 (citing *McElmurray*, 501 F.3d at 1251).

In its motion, Defendant only makes a facial attack, arguing that based on the allegations of the complaint, Plaintiff has not established any "injury-in-fact," nor any causal connection between the injury and the conduct complained of.  Doc.

No. 24, at 4-5.   At this stage of the case, and applying a liberal construction to the complaint, which the Court must afford to *pro se* pleadings, *see Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), the Court disagrees – but only as it pertains to claims brought by Plaintiff on his own behalf.   Plaintiff appears to be alleging that in June 1958, he was subject to male circumcision as an infant in the State of Florida.   Doc. No. 1.   Plaintiff contends that these actions are illegal and constitute aggravated child abuse under Florida law.   *Id.* (citing Fla. Stat. §§ 794.08, 827.03).   He further contends that these actions violated his constitutional rights to life, liberty, and property, and that Defendant acted under color of state law when Defendant failed to provide law enforcement services to newborns such as himself (ostensibly to prevent circumcision).   *Id.*   These allegations are sufficient, at this stage of the case, to satisfy the "injury-in-fact" element.   *Cf. Bischoff v. Osceola County, Fla.*, 222 F.3d 874, 878 (11th Cir. 2000) ("[W]hen standing becomes an issue on a motion to dismiss, general factual allegations of injury resulting from the defendant's conduct may be sufficient to show standing.").

However, to the extent that Plaintiff is seeking relief on behalf of others – namely newborn male citizens of Florida – Defendant is correct that Plaintiff lacks standing.[3]   *See Green v. Volunteers of Am. of Fla., Inc.*, No. 8:14-cv-2248-T-27EAJ, 2014

---

[3] Plaintiff does not style his case as a class action.   Doc. No. 1.   However, it is clear

WL 5591003, at *1 (M.D. Fla. Nov. 3, 2014) ("Plaintiff may not bring claims on behalf of other individuals unless he can establish he has standing to do so.   Because Plaintiff is proceeding *pro se*, he cannot prosecute any claims in federal court on behalf of other persons.") (citations omitted); *Underwood v. Bolling*, No. 2:16-cv-00892-LSC-TMP, 2017 WL 1251027, at *3 (N.D. Ala. Mar. 7, 2017), *report and recommendation adopted*, No. 2:16-cv-00892-LS-CTMP, 2017 WL 1210134 (N.D. Ala. Apr. 3, 2017) ("[T]he plaintiff only 'has standing to seek redress for injuries done to him,' and 'may not seek redress or injuries done to others.'" (quoting *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 166 (1972))).

In sum, Plaintiff has standing to assert a claim on his own behalf, but lacks standing to seek redress on behalf of others.

---

from the allegations of the complaint, and the numerous representations he makes in his other filings, that he is seeking relief on behalf of other male newborn citizens of Florida. *See, e.g.*, Doc. No 10 (requesting permanent injunctive relief that "Defendant cease & desist the withholding of law enforcement services from newborn Citizens of the State of Florida."); Doc. No. 14 (demanding jury trial because "Defendant's failure to provide law enforcement services to newborn Citizens is ongoing. . . ."); Doc. Nos. 23 and 28 (both requesting summary judgment because of Defendant's "ongoing refusal to provision law enforcement services to Newborn Male Citizens. . . ."); Doc. No. 30 (noting the "lapse of provision of law enforcement services to a whole class of Florida citizens," and requesting that Defendant be "compelled to honor the extant Civil and Human Statutory and Constitutional Rights of all citizens of the State of Florida.").   And Plaintiff nowhere clarifies that he is not seeking relief on behalf of other male newborns.

B.     *Eleventh Amendment Immunity*

"The Eleventh Amendment prohibits a federal court from exercising jurisdiction over a lawsuit against a state, except where the state has consented to be sued or waived its immunity, or where Congress has overridden the state's immunity."   *Cross v. State of Ala., State Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490, 1502 (11th Cir. 1995) (quoting *Lassiter v. Ala. A & M Univ.*, 3 F.3d 1482, 1485 (11th Cir. 1993)).   The Eleventh Amendment bars suits against employees or officers sued in their official capacities for monetary damages, because those actions seek recovery from state funds.   *See Kentucky v. Graham*, 473 U.S. 159, 165-68 (1985); *Hobbs v. Roberts*, 999 F.2d 1526, 1528 (11th Cir. 1993).   "It is clear that Congress did not intend to abrogate a state's eleventh amendment immunity in section 1983 damage suits."   *Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986).   An exception to the rules regarding Eleventh Amendment immunity exists, however, "for suits against state officials seeking prospective equitable relief to end ongoing and continuing violations of federal law."   *Higdon v. Tusan*, 746 F. App'x 805, 810 (11th Cir. 2018) (discussing *Ex Parte Young*, 209 U.S. 123 (1908)).[4]

---

[4] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants."   *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

The Court finds Defendant's Eleventh Amendment immunity argument well taken.   To begin, Plaintiff has only brought suit against the State of Florida itself – not any state officials.   Thus, the *Ex Parte Young* exception does not apply, and Plaintiff presents no argument or evidence suggesting that Defendant has otherwise waived its immunity to suit in this case.   *Grimes v. Florida*, 71 F. Supp. 3d 1319, 1323 (M.D. Fla. 2014) ("Plaintiff cannot overcome Eleventh Amendment immunity under *Ex parte Young* because Plaintiff seeks relief solely from the State of Florida, not an officer thereof.   Defendant is entitled to Eleventh Amendment immunity against Plaintiff's constitutional claims.").   *See also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("This Court's decisions thus establish that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." (citations and quotations omitted)).

To the extent Plaintiff's complaint can be read to assert claims against state officials, Eleventh Amendment immunity would still apply.   Plaintiff previously amended his complaint to seek $ 1 billion in monetary damages.   Doc. No. 12. However, Plaintiff has subsequently removed his monetary damages demand, and therefore this case is proceeding on the basis of injunctive relief alone.   *See* Doc. No. 30.   And as it pertains to Plaintiff himself, he has not identified any prospective injunctive relief that would provide him any individual relief.   As he has stated on numerous occasions, he was circumcised decades prior, and the only injunctive

relief he seeks is to prevent the ongoing circumcision of *other* male newborns.   *See* Doc. Nos. 1, 10, 14, 23, 28, 30.   Because Plaintiff has not identified any prospective injunctive relief as it relates to Plaintiff's individual claim, the Court finds that Eleventh Amendment immunity applies to bar his claim.   *See Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir.1994) ("Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury.").   *See also Nemeth v. Off. of Clerk of Superior Ct. of New Jersey*, 837 F. App'x 924, 927 (3d Cir. 2020) (affirming dismissal of *pro se* complaint where plaintiff did not identify any "prospective, declaratory, or injunctive relief governing an officer's future conduct" that could permit immunity to be waived under the doctrine of *Ex parte Young*).   And as discussed above, because Plaintiff cannot proceed *pro se* and seek relief on behalf others, his request for prospective injunctive relief for other male newborns also does not overcome Defendant's Eleventh Amendment immunity.[5]

---

[5] Even if the Court were to find that Eleventh Amendment immunity did not apply, Plaintiff's complaint would be dismissed for failing to sufficiently allege a claim for relief, and for failing to establish an exception to the applicable statute of limitations.   *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." (citations omitted)); *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002)

Accordingly, the Court will grant Defendant's motion to dismiss on the basis of Eleventh Amendment immunity and dismiss Plaintiff's complaint on that basis. Because the Court finds that there are no set of facts that would defeat immunity, the Court further declines to provide Plaintiff an opportunity to amend his complaint.   However, the Court will dismiss this case without prejudice.   *See Brown v. Fla. Dep't of Revenue Off. of Child Support Enf't*, No. 22-10010, 2022 WL 2161462, at \*2 (11th Cir. June 15, 2022) (noting that Eleventh Amendment immunity is an "explicit limitation on federal jurisdiction," and because district court dismissed plaintiff's case on this basis, it was a dismissal for lack of subject matter jurisdiction, and "the district court should have dismissed the complaint without prejudice[.]" (alteration in original) (quoting *Raygor v. Regents of the Univ. of Minn.*, 534 U.S. 533, 541 (2002); *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1235 (11th Cir. 2008))).

## VII.   CONCLUSION

For the reasons discussed above, it is hereby **ORDERED** as follows:

---

(Section 1983 claims are subject to the statute of limitations governing personal injury actions in the state in which the action was brought, "which in Florida is four years,"). Plaintiff nowhere challenges Defendant's reading of his complaint as an attempt to assert a claim under 42 U.S.C. § 1983 (a reading with which the Court agrees).

1.      Plaintiff's motion for permanent injunction (Doc. No. 10) is **DENIED without prejudice**;

2.      Plaintiff's motion for clerk's default (Doc. No. 11) is **DENIED**;

3.      Plaintiff's unauthorized amendments (Doc. Nos. 13-15) are **STRICKEN**;

4.      Plaintiff's motions for summary judgment (Doc. Nos. 23, 28) are **DENIED without prejudice**;

5.      Plaintiff's motion to strike monetary demand and demand for jury trial (Doc. No. 30) is **GRANTED**, and the June 21, 2022 amendment (Doc. No. 12) is **STRICKEN**;

6.      Defendant's motion to dismiss (Doc. No. 24) is **GRANTED in part and DENIED in part.**   Plaintiff's Complaint (Doc. No. 1) is **DISMISSED without prejudice** based on Eleventh Amendment immunity but without leave to amend, and Defendant's motion (Doc. No. 24) is **DENIED** in all other respects; and

7.      The Clerk of Court is **DIRECTED** to terminate all other pending motions and to close the file.

**DONE** and **ORDERED** in Orlando, Florida on November 15, 2022.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties